IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ALI M. ALI,<br><br>    Plaintiff,<br>v.<br>N.A.R., INC.,<br><br>    Defendant. | REPORT & RECOMMENDATION<br><br>Case No. 2:22-cv-00244-HCN-CMR<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Cecilia M. Romero |

  This case is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) (ECF 11). Before the court is Defendant N.A.R., Inc.'s (N.A.R. or Defendant) Motion to Dismiss (Motion) (ECF 8). Having carefully considered the relevant filings, the court finds that oral argument is not necessary and will decide this matter based on the written memoranda. *See* DUCivR 7-1(g). For the reasons set forth herein, the undersigned RECOMMENDS that the court GRANT Defendant's Motion in part (ECF 8) and provide Plaintiff an opportunity to amend his Complaint.

## BACKGROUND

  Plaintiff Ali M. Ali (Plaintiff or Mr. Ali), proceeding *pro se*, filed his Complaint against N.A.R. on April 7, 2022 (Complaint) (ECF 1). N.A.R filed this Motion on June 14, 2022 (ECF 8). Mr. Ali responded to the Motion on July 5, 2022 (ECF 12) (Response). The court then received N.A.R.'s Reply on July 19, 2022 (ECF 13). A week later, Mr. Ali filed a Surreply (ECF 15) to N.A.R.'s Reply, which N.A.R. then objected to (ECF 16). As explained below, the court will not consider the Surreply and Objections (ECF 15 & 16).

  Mr. Ali brings his claim under 15 U.S.C. § 1692c(c), claiming Defendant violated the Fair Debt Collection Practices Act (FDCPA) after Defendant allegedly attempted "to collect a debt from Plaintiff" despite Plaintiff notifying Defendant "in writing that Plaintiff refused to pay the

1

alleged debt" (ECF 1 ¶ 25). In the Complaint, Mr. Ali describes himself as a consumer and alleges that on or about January 20, 2022, he received a letter from Defendant about a $7,098.19 debt, to which he responded with a letter on February 3, 2022, stating he "refused to pay" the alleged debt (*id*. at ¶¶ 3, 10–12). Mr. Ali alleges "Defendant received Plaintiff's 'refused to pay' letter" on February 7, 2022 (*id*. at ¶ 13). And that on the same day, he received two missed calls from Defendant (*id*. at ¶ 15).

A week later, on February 15, 2022, Mr. Ali alleges he called Defendant, to inquire "about the missed phone call" (*id*. at ¶ 16). During that call, Mr. Ali states that a representative for Defendant told him that he had until February 21, 2022, to make a payment and "avoid legal action" (*id*. at ¶ 19). Mr. Ali contends Defendant violated the FDCA (*id*. at ¶ 24). He further alleges that this violation has caused him to suffer from mental and psychological injuries, actual damages, and an invasion of privacy (*id*. at ¶¶ 20–22).

N.A.R. moves to dismiss Mr. Ali's claim under Federal Rule of Civil Procedure 12(b)(6), based on four different grounds: (a) "the missed phone calls do not constitute communication under the FDCPA"; (b) "the Complaint fails to allege that the missed phone calls occurred after Defendant received the 'refuse to pay' letter"; (c) "the Complaint fails to allege that" the missed calls contained any messages that violated 15 U.S.C. § 1692c(c); and (d) the call on February 15, 2022, "was initiated by Plaintiff, not defendant" (ECF 8 at 2).

## **LEGAL STANDARD**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678

2

(2009) (quoting *Bell v. Twombly*, 550 U.S. 544, 570) (2007)). In this review, a "court accepts as true well-pleaded factual allegations and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor." *Hendershot v. Gurstel L. Firm, P.C.*, No. 2:20-cv-00118-DBB-DAO, 2020 WL 8083573, at *2 (D. Utah Dec. 17, 2020) (citing *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013)), *report and recommendation adopted* 2021 WL 76163 (D. Utah Jan. 8, 2021).

In undertaking this analysis, the court is mindful that Plaintiff is acting *pro se* and that his filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Still, a *pro se* plaintiff must "follow the same rules of procedure that govern other litigants." *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)). A *pro se* plaintiff also "still has 'the burden of alleging sufficient facts on which a recognized legal claim could be based.'" *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (quoting *Hall*, 935 F.2d at 1110). Although the court must make some allowances for a *pro se* plaintiff's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements," *Hall*, 935 F.2d at 1110, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf," *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (quoting *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997)). With these standards in mind, the court turns to the sufficiency of Plaintiff's Complaint.

## ANALYSIS

Plaintiff asserts that Defendant violated his statutory rights under the FDCPA after Defendant allegedly attempted to communicate with Plaintiff via phone calls to "collect a debt

from Plaintiff" despite previously notifying Defendant "in writing that Plaintiff refused to pay the alleged debt" (ECF 1 at ¶ 25). Congress enacted the FDCPA to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). Under 15 U.S.C. § 1692c(c), once "a consumer notifies a debt collector in writing that the consumer refuses to pay a debt … the debt collector shall not communicate further with the consumer with respect to such debt" except in three narrow circumstances. *See* 15 U.S.C. § 1692c(c). A communication must be conveying "information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2). The Tenth Circuit has explained that the communication itself "must indicate to the recipient that the message relates to the collection of a debt." *Marx v. Gen. Revenue Corp.*, 668 F.3d 1174, 1177 (10th Cir. 2011), *aff'd*, 568 U.S. 371 (2013). The question here is whether Plaintiff's Complaint has met this burden as alleged.

      **a. The Two Missed Phone Calls Here Are Not Communications Under the FDCPA**

Defendant contends that the two missed calls alleged in Plaintiff's Complaint do not constitute a "communication" under the FDCPA because the Complaint fails to allege that "Defendant left any messages in connection with either of the missed calls" (ECF 8 at 4). Defendant argues there is no "communication" as defined by 15 U.S.C. § 1692c(c) absent a connection between the calls and any information conveyed to Plaintiff about a debt (*id*. at 4–5). Defendant also cites to *Smith v. Credit Corp Solutions, Inc.*, No. 3:20-cv-01295, 2022 WL 959597, at *7 (S.D. Cal. Mar. 30, 2022), a case in which the court held that the complaint was "insufficiently pleaded" due to the lack of allegations indicating how that plaintiff identified the caller or whether the defendant left a voicemail.

The court declines to adopt Defendant's narrow interpretation of a violation under § 1692c(c) but agrees with Defendant that Plaintiff has failed to sufficiently allege a communication under § 1692c(c). Although *Smith* is not controlling authority for this court, it is persuasive, as its reasoning is congruent with the holding in the Tenth Circuit case of *Marx*, which explains that a "communication" must "indicate to the recipient that the message relates to the collection of a debt." *Marx*, 668 F.3d at 1177. Plaintiff's Complaint alleges only that he "received 2 missed calls from Defendant" on February 7, 2022 (ECF 1 at 4). The Complaint however makes no mention of any other facts that would "indicate" to Plaintiff "that the [calls] relate[d] to the collection of a debt." *Id*. The lack of such allegations leaves the court without sufficient facts "to draw the reasonable inference," *Ashcroft*, 556 U.S. at 663, in support of Plaintiff's claim that the two missed calls mentioned in the Complaint constitute "communication" under 15 U.S.C. § 1692c(c).

Plaintiff responds and argues that a "claim under § 1692c(c) only requires proof of receipt of written notification demanding the cessation of contact, not 'knowledge' of that demand," and that Defendant violated 15 U.S.C. § 1692c(c) "[b]y calling Plaintiff after having received written correspondence" of Plaintiff's "'refusal to pay'" (ECF 12 at 2–3). Plaintiff directs the court to two cases—*Litt v. Portfolio Recovery Assoc.*, 146 F. Supp. 3d 857 (E.D. Mich. 2015), and *Cerrato v. Solomon & Solomon*, 909 F. Supp. 2d 139 (D. Conn. 2012)—in support of this argument.

The court finds these cases are not controlling and are also factually dissimilar. The court in *Litt* was at the summary judgment stage and found that there was "no genuine issue of material fact that the Litts, inferentially if not directly, understood that the 160. . . calls that they received but did not answer were from [the collector] in connection with their son Michael's debt." *Litt*, 146 F. Supp. 3d at 871. In *Cerrato*, the court noted the plaintiff's allegations detailing their identification of the calling number and information that that defendant had called that plaintiff

over one hundred times regarding their debt. *Cerrato*, 909 F. Supp. 2d at 147. Similar detailed facts regarding Plaintiff's knowledge of the caller's identity and the reason for the calls as in the *Litt* and *Cerrato* cases are missing in Plaintiff's Complaint. And Plaintiff makes no other allegation in the Complaint allowing the court to reasonably infer that he had an indication from the missed calls that they related "to the collection of a debt." *Marx*, 668 F.3d at 1177. In fact, the Complaint at issue seems to allege the opposite, that Plaintiff called the number from the missed calls to "[q]uestion about the missed phone calls" (ECF 1 at ¶ 16). During the call that Plaintiff placed, he was then notified about the debt and again reaffirmed his refusal to pay (*id*. ¶¶ 17–18). These facts give no indication that the two missed calls indicated to Plaintiff that they were about a debt.

Plaintiff's second argument that a debt "collector is liable even if the employee sending the communication was unaware of the consumer's cease letter" (ECF at 4) also fails. Plaintiff cites to *Kaschak v. Raritan Valley Collection Agency*, No. 88-3763, 1989 WL 255498 (D.N.J. May 22, 1989), and argues that a debt "collector is liable even if the employee sending the communication was unaware of the consumer's cease letter" (*id*. at 4). Although Plaintiff is not required to "prove" that Defendant had knowledge of the receipt of the letter, *see Wisdom v. Wakefield & Assocs., Inc.*, No. 2:16-CV-00303-DB, 2016 WL 3747586, at *2 (D. Utah July 11, 2016), Plaintiff must still satisfy the requirements in *Marx* and plead facts that demonstrate he knew the two calls conveyed information regarding a debt, which he has not done. *See Lavallee v. Med-1 Sols., LLC*, 932 F.3d 1049, 1055 (7th Cir. 2019) (agreeing with the Sixth and Tenth Circuits in that a communication under the FDCPA requires that "a message must at least *imply* the existence of a debt").[1]

---

[1] *See also Biggs v. Credit Collections, Inc.*, No. CIV-07-0053-F, 2007 WL 4034997, at *4 (W.D. Okla. Nov. 15, 2007) (holding that voicemails not disclosing calls were coming a "from a debt collector" were not communications under § 1692a(2) because the words spoken "convey[ed]" no "information regarding a debt" (internal quotation marks omitted)); *Worsham v. Acct. Receivables Mgmt., Inc.*, No. JKB-10-3051, 2011 WL 5873107, at *3 (D. Md. Nov. 22, 2011) (finding that eight unanswered phone calls "can hardly be considered 'communications' under the FDCPA"); *McClintock v. Credit Services, Inc.*, No. 1:16-cv-1395, 2018 WL 2197745, at *3 (W.D. Mich. March 28, 2018) (holding that unanswered phone calls were "not communications, as that term is defined in the FDCPA"

Plaintiff also attached two exhibits to his Response. Exhibit A seems to be a screenshot of a phone log showing two missed calls from a contact named "North Amer Recv" (ECF 12, Ex. A). Exhibit B appears to be a transcript call between Plaintiff and a representative for Defendant. (ECF 12, Ex. B). Although these exhibits may contain relevant information for Plaintiff's claim, the exhibits were not mentioned nor attached to the Complaint and considering them requires the court to infer or weigh evidence, which it cannot do. *See, e.g.*, *Davis v. Utah*, No. 2:18-CV-926 TS-PMW, 2019 WL 2929770, at *1 (D. Utah July 8, 2019), *aff'd*, No. 20-4042, 2021 WL 3930277 (10th Cir. Sept. 2, 2021) ("In considering a motion to dismiss, the court "not only considers the complaint, 'but also the attached exhibits,' the 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.' The Court 'may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.'" (citations omitted)); *see also Ayres v. Portfolio Recovery Associates, LLC*, No. 2:17-cv-01088-DN, 2018 WL 6706021, at *1 (D. Utah Dec. 20, 2018) (stating a party "cannot amend [a] complaint through a brief in opposition to [a] motion to dismiss."). The court therefore does not take them into consideration. In addition, the court did not consider Plaintiff's filed Surreply and Defendant's Objection to it (ECF 15 & 16) as they were filed without seeking or obtaining leave of the court. *See* DUCivR 7-1(a)(8) ("Unless otherwise ordered, the court will not consider additional memoranda.").

It is also not clear from Plaintiff's Complaint if he is alleging the February 15, 2022, phone call *he* made *to* Defendant violates the FDCPA (ECF 1 at ¶ 16). However, the plain language of

---

because the "unanswered telephone calls did not convey any information regarding a debt"); *but see Edwards v. Niagara Credit Sols., Inc.*, 586 F. Supp. 2d 1346, 1350–51 (N.D. Ga. 2008), *aff'd on other grounds*, 584 F.3d 1350 (11th Cir. 2009) (holding that "a phone message referencing an 'important matter' or similar language may be considered a 'communication' under the FDCPA" because the messages "'conveyed information about a debt indirectly, since the purpose of the message is to get the debtor to return the call to discuss the debt'").

the statute alludes that this type of communication would not be a violation. *See* 15 U.S.C. §1692c(c) (once "a consumer notifies a debt collector in writing that the consumer refuses to pay a debt … the debt collector shall not communicate further with the consumer with respect to such debt"). Regardless, Plaintiff does not argue in his opposition that the phone call he made on February 15, 2022, saves his claim and therefore the court will not make or infer this argument for him. *See, e.g.*, *Davis*, 2019 WL 2929770, at *7 ("Defendants also seek dismissal of Plaintiffs' freedom of association claim. Plaintiffs have failed to respond to this argument. Therefore, the Court will dismiss this claim"); *Knudsen v. Countrywide Home Loans, Inc.*, No. 2:11-cv-429-TS, 2011 WL 3236000, *2 (D. Utah July 26, 2011) ("Plaintiff has failed to respond to Defendants' arguments concerning his negligent misrepresentation claim. Therefore, the Court finds that Plaintiff has abandoned this claim and it will be dismissed.").

Defendant argues this court should dismiss Plaintiff's complaint with prejudice as he is unable to address these pleading deficiencies. However, the court is unable to make such a determination at this stage. If Plaintiff can address the pleading deficiencies, the court will afford him an opportunity to amend. *See Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990) ("[If] it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should [afford] leave to amend." (quoting Wright, A. Miller & M. Kane, *Federal Practice & Procedure,* Civil 2d § 1483 (West 1990)).

## **RECOMMENDATION**

The undersigned RECOMMENDS that the court GRANT Defendant's Motions to Dismiss in part pursuant to Rule 12(b)(6) (ECF 8) and GRANT Plaintiff an opportunity to amend his Complaint within 30 days of the date of this Report and Recommendation. If he is able, Plaintiff shall file an amended complaint no later than February 9, 2023.

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within fourteen (14) days of being served with a copy, any party may serve and file written objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 10 January 2023.

*Cecilia M. Romero*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah